IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID P. KEVER,

    Petitioner,

v.                                                             CASE NO. 1:03-cv-00114-MP-AK

JAMES MCDONOUGH,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Doc. 105, Report and Recommendation of the Magistrate Judge, recommending that Petitioner's amended petition for writ of habeas corpus, Doc. 46, be denied.  The Magistrate Judge filed the Report and Recommendation on Wednesday, October 4, 2006.  The parties have been furnished a copy of the Report and have been afforded an opportunity to file objections.  Pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.  Petitioner has filed objections, Doc. 113.

Petitioner Kever was charged in state court in three separate cases with various counts sexual battery upon a mentally defective minor and lewd or lascivious assault on a minor, each case involving the same child and allegedly occurring during the same time period.  In Case Number 94-80, Petitioner initially acted as his own counsel after a Faretta hearing, with attorney Dean Galigani appointed to act as stand-by counsel.  Prior to this case going to trial, Petitioner withdrew from representing himself.  At this point, Mr. Galigani took over as counsel, and filed a motion for continuance in all three cases, with Petitioner expressly waiving entitlement to a speedy trial.  The three cases were eventually consolidated, and trial commenced on February

28, 1996. In the three consolidated cases, the jury found Petitioner guilty of one count of sexual battery on a mentally defective person and two counts of lewd and lascivious assault, guilty of one count of sexual battery on a mentally defective person and one count of lewd and lascivious assault upon a minor, and guilty of one count of attempted sexual battery on a mentally defective person and one count of lewd and lascivious assault. On appeal, the District Court of Appeal found that the "evidence presented at trial was insufficient as a matter of law to prove that the victim was 'mentally defective,'" and reversed the Petitioner's convictions on those counts, with the trial court instructed to enter judgments of conviction on the lesser included offenses of sexual battery and attempted sexual battery. Keever v. State, 704 So.2d 222, 222-23 (Fla. Dist. Ct. App. 1998). After seeking post-conviction review of his claims in state court, Petitioner filed the instant petition, which Respondent concedes is timely. However, Respondent contends that Petitioner is not entitled to relief on any of his fourteen grounds, and that Petitioner did not properly exhaust several claims in state court, thereby resulting in procedural default.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, federal courts review state court decisions under 28 U.S.C. § 2254 subject to a more deferential standard. Under § 2254, a person in custody pursuant to the judgment of a state court is not entitled to habeas corpus relief unless the state court proceedings meet the following criteria:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) & (2). The first prong ensures state compliance with Supreme Court precedent. This standard requires Petitioner to show that the reasoning or the result of the

state-court decision contradicts clearly established federal law, or is an unreasonable application of clearly established federal law, before the Court may independently consider the merits of Petitioner's claim. Under the second prong, factual determinations made by a state court are presumed to be correct, and Petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In order to raise one of these issues in federal court, a petitioner must first fairly present the same federal claim to the state courts, exhausting state remedies before seeking federal relief.

Petitioner contends that he was coerced into retaining counsel for sentencing, that the trial court erred in failing to grant him a bill of particulars, that the trial court's resentencing resulted in a double jeopardy and due process violation, that jeopardy had already attached when the trial court dismissed the first jury, that the trial court erred in denying an evidentiary hearing to correct the record, that the trial court erred in sustaining a conviction of attempted sexual battery, that the trial court violated due process by citing false evidence, that his right to a speedy trial was violated, and that counsel was ineffective on numerous grounds. After a thorough review of these claims, the Magistrate recommends that the amended petition for writ of habeas corpus be denied.

Petitioner first objects to the denial of his motion for leave to file a second amended petition, Doc. 75. In an abundance of caution, the Magistrate reviewed Petitioner's proposed amendments, as well as over two hundred pages of exhibits, and concluded that this additional information was either redundant or did not change the analysis and result. After reviewing Petitioner's proposed second amended complaint, the Court agrees with the Magistrate. Although Petitioner claims the amendments cured his failure to properly exhaust the issue of

whether the trial court erred in denying a bill of particulars, exhaustion was not material to the Magistrate's decision of this issue. In fact, the Magistrate treated the issue as if it had been exhausted, and then addressed the merits of the claim. "The Court believes that it is appropriate for it to assume exhaustion of this claim, especially since it has no merit." Doc. 105 at 42.

Petitioner also asserts that the record of the state court is false; specifically, Petitioner argues that the trial record indicating that the jury had not been empaneled–and that jeopardy had not yet attached–is a fraud on the court. Pointing to the findings of the trial court after a <u>Faretta</u> hearing that Petitioner was competent to represent himself, Petitioner concludes that he must have had the mental faculties to know that a trial was occurring around him. The Magistrate's finding that Petitioner was not committing perjury in his arguments was not, as Petitioner argues, an attempt to keep Petitioner from issuing subpoenas to the trial jurors. It was, instead, a realization that what Petitioner may have believed to be the empaneling of the jury was merely the swearing of the entire venire and the selection of jurors. The Court agrees with the Magistrate that the jury was never actually sworn after its selection, and that certified state court record reflecting this is not a fraud orchestrated on the Court.

For his next objection, Petitioner again argues that state court officials are falsifying the record on his speedy trial motion. Petitioner objects that counsel was acting against his interest and without his authorization in allowing a continuance. Again, the Court agrees with the Magistrate. Petitioner waived his right to a speedy trial in all three cases. Irrespective of Petitioner's arguments as to the accuracy and integrity of the transcript, he admits in his amended petition that he waived his speedy trial rights, and the record supports this admission. Therefore, this objection does not affect the analysis of the speedy trial issue.

Next, Petitioner states that the trial court's finding that testimony of the emergency room examining physician would have been cumulative to evidence from other persons and sources is incorrect, and therefore Petitioner was prejudiced by counsel's failure to compel such testimony. Petitioner also objects to the exclusion of other evidence by the state court as cumulative. As the Magistrate notes, the state court ruling is entitled to deference unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Supreme Court law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). The Court agrees with the Magistrate that the state court rulings extensively reviewed Petitioner's claims, are well reasoned, and are not contrary to or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984). Therefore, whether the state court's ruling were incorrect is of no moment, since they were not *unreasonable*.

Petitioner next objects to the Magistrate's finding that sufficient evidence existed to sustain a conviction for attempted sexual battery. Petitioner argues that he lacked the requisite intent, and that no evidence exists that Petitioner attempted to digitally penetrate the victim. The victim testified that Petitioner touched her breast and her vagina, and that he stopped when her brother came into the room. The Court agrees that a rational trier of fact could easily have found the essential elements of the crime beyond a reasonable doubt.

The remaining grounds Petitioner raises all allege fraud by the state court and state officials in altering or fabricating the record, which the Court has already addressed, or that counsel was ineffective for failing to impeach certain witnesses. As previously stated, because the state court's application of Strickland was not unreasonable, this ruling in entitled to

deference, and Petitioner in not entitled to habeas relief.  After reviewing the Magistrate Judge Report and Recommendation, and the Petitioner's objections, the Court agrees with the Magistrate that Petitioner's claims are either procedurally defaulted or without merit.  Therefore, Petitioner's petition for writ of habeas corpus must be denied.

On the docket, Petitioner has also filed several allegations of deprivation of access to the courts.  These allegations state that prison officials are mishandling or destroying his legal mailings.  Because these claims are not proper in a habeas petition, they are denied.  Petitioner is advised that these claims should be raised in an action challenging the conditions of his confinement, pursuant to 42 U.S.C. § 1983, rather than a habeas petition challenging the fact of his confinement.  Therefore, having considered the Report and Recommendation, and the objections thereto, I have determined that it should be adopted.  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Magistrate Judge's Report and Recommendation, Doc. 105, is adopted and incorporated by reference in this order;

2. Petitioner's amended petition for writ of habeas corpus, Doc. 46, is denied, and this case is dismissed with prejudice;

3. Petitioner's pending motions challenging deprivation of access to the courts, Docs. 107, 108, 111, 115, 116, 118, and 119, are denied.

**DONE AND ORDERED** this   *10th* day of April, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge